UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JULIE ANN DAHLSTROM, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY,<br><br>Defendant. | Civil Action No. 22-1165 (JMC) |

**DEFENDANT'S RESPONSE TO PLAINTIFFS'
"MOTION TO ADVISE THE COURT OF SUPPLEMENTAL CASE LAW"**

Defendant the Department of Homeland Security, and its component U.S. Citizenship and Immigration Services ("USCIS"), through undersigned counsel, file this brief response to Plaintiffs' "motion to advise the Court of recent case law supporting denial of the pending motion for summary judgment," ("Pls.' Mot.," ECF No. 36). Defendant interprets Plaintiffs' filing as a notice of supplemental authority. For the reasons explained herein, the Court should decline to give any weight to Plaintiffs' filing.

First, to the extent the Court considers Plaintiffs' motion as a motion seeking affirmative relief, i.e., denial of Defendant's pending motion for summary judgment, the Court should deny it outright for Plaintiffs' failure to follow the Local Civil Rules. As a threshold matter, Plaintiffs did not confer with counsel for Defendant prior to the filing of their motion, in violation of Local Civil Rule 7(m) which requires, "[b]efore filing any nondispositive motion in a civil action, counsel shall discuss the anticipated motion with opposing counsel in a good-faith effort to determine whether there is any opposition to the relief sought and, if there is, to narrow the areas of disagreement. [] A party shall include in its motion a statement that the required discussion

occurred, and a statement as to whether the motion is opposed." LCvR 7(m). The purpose of the Local Rule is to promote the resolution of as many litigation disputes as possible without court intervention, or at least to force the parties to narrow the issues that must be brought to the court. *United States ex rel. Pogue v. Diabetes Treatment Centers of Am.*, 235 F.R.D. 521, 529 (D.D.C. June 2, 2006) ("The obligation to confer may not be satisfied by perfunctory action, but requires a good faith effort to resolve the non-dispositive disputes that occur in the course of litigation."). Local Civil Rule 7(m) requires that the parties "try [] in good faith to achieve its objectives," and that they take "real steps to confer," which at least contemplates that "counsel will speak to each other." *See United States ex rel. K & R Ltd. P'ship v. Mass. Hous. Fin. Agency*, 456 F. Supp. 2d 46, 52 (D.D.C. 2006). If a party files a non-dispositive motion without certifying its compliance with Rule 7(m), the Court has discretion to deny the motion. *Alexander v. FBI*, 186 F.R.D. 185, 187 (D.D.C. 1999); *see also Campaign Legal Ctr. v. Iowa Values*, 710 F. Supp. 3d 35, 47-48 (D.D.C. 2024). None of that occurred here. Plaintiffs made no attempt to confer with USCIS regarding their motion, and the first time undersigned learned of Plaintiffs' position was at the time of filing. The Court can deny the motion on these grounds alone.

Second, to the extent the Court considers the underlying substance of Plaintiffs' filing, their reliance on an unpublished out-of-circuit decision from the Ninth Circuit in *Nat'l Pub. Radio v. CENTCOM ("NPR")*, No. 23-55062, 2024 WL 3066048, at *1 (9th Cir. June 20, 2024), is inapposite. In *NPR*, the Ninth Circuit reversed in part the district court's grant of summary judgment to U.S. Central Command ("CENTCOM") based on evidence of "overlooked records," which in turn left "substantial doubt" as to the adequacy of the agency's search. *Id*. at *2. Relying on this decision issued almost a year ago, Plaintiffs now ask the Court "for a ruling on one discrete issue: whether Defendant must produce the database which its own expert compiled and admitted

contained documents responsive to the Plaintiffs' FOIA requests." Pls.' Mot. at 1. Presumably Plaintiffs are referring to the USCIS FOIA processing system, Freedom of Information Records System ("FIRST"), based on the assertion in their opposition to Defendant's Motion for Summary Judgment ("Pls.' Opp.") that "[t]here are an indeterminate number of documents included in the USCIS's FIRST system that contain responsive documents that must be searched before Defendant can claim it has conducted an adequate search. Pls.' Opp. Mot. Summ. J. at 2 (ECF No. 29)

The search requested by Plaintiffs, however, is not to identify, process and produce responsive documents, but to conduct a "count." *Id*. Plaintiffs clearly state in their opposition that they "respectfully request this Court to deny USCIS's motion for summary judgment, and to order USCIS to search the responsive documents in FIRST to produce a count of Plaintiffs' expedited request for the issuance of NTAs and Rejections. To be clear, Plaintiffs are not requesting that USCIS produce the documents in the FIRST database, only that a count be made from actual responsive documents, using search terms upon which both parties agree." *Id*. at 2-3.

USCIS has explained at length why Plaintiffs' request "for a count" is not tenable. Unlike *NPR*, this is not a situation where USCIS has "overlooked" records and failed to produce them. And *NPR* did not deal with a situation like what the Court is faced with here: a request for a query or count of information, rather than the actual records. Because the Ninth Circuit was not faced with a similar circumstance, Plaintiffs' reliance on *NPR* is irrelevant. Rather, USCIS has repeatedly explained why Plaintiffs' request is neither feasible nor required by FOIA.

First, USCIS noted that as an initial matter, Plaintiffs withdrew their 2020 FOIA requests, *see* ECF No. 25 at 4, and made clear that Plaintiffs do not seek production of documents in the FIRST database, *see* ECF No. 29 at 2 ("To be clear, Plaintiffs are not requesting that USCIS

produce the documents in the FIRST database . . . ."); *see also* Def.'s Resp. to Pls.' Ltr. (ECF No. 35 at 4).

Second, USCIS argued that Plaintiffs demand was a nonstarter because FOIA does not require agencies to conduct research or answer questions. Def.'s. Reply at 15-17 (ECF No. 32) (citing *ACLU v. Dep't of Just.*, 681 F.3d 61, 71 (2d Cir. 2012) (reversing district court's decision requiring agency to substitute purportedly neutral phrase composed by court for exempt material because substitution would effectively force agency to create records); *Students Against Genocide v. Dep't of State*, 257 F.3d 828, 837 (D.C. Cir. 2001) (rejecting plaintiff's argument that "even if the agencies do not want to disclose the photographs in their present state, they should produce new photographs at a different resolution in order to mask the [classified] capabilities of the reconnaissance systems that took them")); *see also Jud. Watch, Inc. v. Dep't of State*, 177 F. Supp. 3d 450, 456 (D.D.C. 2016) (finding that "[a] question is not a request for records under FOIA and an agency has no duty to answer a question posed as a FOIA request."), aff'd, 681 F. App'x 2 (D.C. Cir. 2017). Plaintiffs have gone to great lengths to avoid this conclusion, but they fail to present any evidence, let alone any legal support, for their proposition that FOIA requires USCIS to perform research by searching for records within the FIRST system and conducting "a count" based on information contained in those documents, compiling it into a new record, and producing that to Plaintiffs.

Third, Defendants explained to Plaintiffs that documents maintained within the FIRST system are not text searchable. ECF No. 35 at 4. Accordingly, there is no method by which to conduct an automated search of actual FOIA requests or other documents in the system, to include any potentially responsive records uploaded into the system. While staff are able to conduct an index-type search that allows for the identification of particular FOIA cases, those searches are

based only on the preliminary request information entered into the system by FOIA staff based on their review of the FOIA request submitted. *Id*. Identifying whether any of the FOIA cases contain responsive records to a proposed search would require manual research and analysis of potentially hundreds to thousands of FOIA requests to determine if the FOIA request sought records that would potentially also be responsive to Plaintiffs' proposed search, which is not required under the FOIA. *Id*. FOIA does not require the agency to take on this unreasonable burden.[1] *See, e.g., Nation Mag. v. U.S. Customs Serv.*, 71 F.3d 885, 892 (D.C. Cir. 1995) (agreeing that search requiring review of twenty-three years of unindexed files would be unreasonably burdensome, but disagreeing that search through chronologically indexed agency files for dated memorandum would be burdensome); *AFGE v. Dep't of Commerce*, 907 F.2d 203, 209 (D.C. Cir. 1990) (holding that "while [plaintiff's requests] might identify the documents requested with sufficient precision to enable the agency to identify them . . . it is clear that these requests are so broad as to impose an unreasonable burden upon the agency," because agency would have "to locate, review, redact, and arrange for [the] inspection [of] a vast quantity of material").

In sum, the Court should afford little, if any weight, to Plaintiffs supplemental authority.

| | |
|---|---|
| Dated: April 15, 2025<br>Washington, DC | Respectfully submitted,<br><br>EDWARD R. MARTIN, JR., D.C. Bar #481866<br>United States Attorney<br><br>By: /s/ *Brenda González Horowitz*<br>BRENDA GONZÁLEZ HOROWITZ<br>Assistant United States Attorney<br>601 D Street, NW<br>Washington, DC 20530<br>(202) 252-2512<br><br>*Attorneys for the United States of America* |

---

[1] USCIS did provide to Plaintiffs responsive records that contained aggregate data that did not disclose information prohibited by 8 U.S.C. § 1367.